UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DEBORAH D.,[1]

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of the Social Security Administration,[2]

Defendant.

Case No.:  21cv1568-MSB

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) [ECF NO. 22]**

On February 21, 2025, Martha Yancey ("Petitioner"), counsel for Plaintiff Deborah D. ("Plaintiff"), filed a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), requesting that the Court award attorney's fees in the amount of $29,847.25 (ECF No. 22 ("Motion").)  For the reasons set forth below, the Court **GRANTS** the Motion.

---

[1] Under Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

[2] In May 2025, Frank Bisignano was sworn in as Commissioner of the Social Security Administration.  See https://www.ssa.gov/agency/commissioner.html (last visited Jan. 26, 2026).  Accordingly, Frank Bisignano is substituted as the defendant in this lawsuit.  See Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.").

1

21cv1568-MSB

## I.    BACKGROUND

On September 3, 2021, Plaintiff initiated the instant civil action against the Commissioner of Social Security ("the Commissioner"), pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision to deny Plaintiff's application for disability insurance benefits.  (ECF No. 1.)  On March 28, 2022, the Commissioner filed the Administrative Record.  (ECF No. 8.)  On August 16, 2022, the parties filed a Joint Motion for Summary Judgment, in which Plaintiff asked the Court to reverse the Commissioner's decision and either award her benefits or remand the action to the Social Security Administration ("SSA") for further administrative proceedings pursuant to 42 U.S.C. § 405(g).  (ECF No. 14).  On March 15, 2023, the Court reversed the Commissioner's decision and remanded the action to the SSA for further administrative proceedings.  (ECF No. 18.)

On April 19, 2023, the parties filed a Joint Motion for the Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (ECF No. 20.)  That same day, the Court granted the Joint Motion and awarded attorney's fees in the amount of $9,000.00.  (ECF No. 21.)

On February 21, 2025, Petitioner filed the instant Motion, seeking attorney's fees in the amount of $29,847.25, pursuant to 42 U.S.C. § 406(b) ("Section 406(b)").  (ECF No. 22.)  In support of the Motion, Petitioner explains that Plaintiff prevailed on remand to the SSA, and the SSA awarded Plaintiff $119,389.00 in total past-due benefits.  (Id. at 4.)  Petitioner contends that an award of $29,847.25 is reasonable given "Plaintiff's case was not a run-of-the-mill Social Security [] case; Plaintiff's case was fact-driven and required a thorough analysis of the [Administrative] Record."  (Id.)  However, Petitioner acknowledges that Plaintiff is owed a credit of $9,000.00 for the fees that were previously awarded by this Court under the EAJA.  (See id. at 5; see also ECF No. 21.)

On February 24, 2025, the Court issued a briefing schedule in which the Court notified Plaintiff of her right to oppose the Motion and provided a simultaneous deadline for Plaintiff and the Commissioner to respond to the Motion.  (ECF No. 23 at 1–

21cv1568-MSB

2.)  Plaintiff did not respond.  (See generally Dkt.)  On February 27, 2025, the Commissioner responded that "the Commissioner neither supports nor opposes [Petitioner]'s request for attorney's fees under 42 U.S.C. § 406(b)" but requested that the Court direct Petitioner to reimburse any fees previously received under the EAJA to Plaintiff.  (ECF No. 24 at 3.)

## II.  LEGAL STANDARD

Under the Social Security Act, a court that has rendered a judgment in favor of a Social Security claimant who was represented by an attorney may award attorney's fees in a "reasonable" amount, not to exceed twenty-five percent[3] of the total past-due benefits awarded to the claimant.  See 42 U.S.C. § 406(b)(1)(A); see also Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009).  District courts have an affirmative duty to ensure that the attorney's fees sought are "reasonable."  Id. at 1149.  The United States Supreme Court has explained:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, [Section] 406(b) calls for court review of such arrangements as **an independent check**, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding [twenty-five] percent of the past-due benefits . . . Within the [twenty-five] percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (emphasis added).  When evaluating the reasonableness of attorney's fees under Section 406(b), the court should consider the

---

[3] The Court notes that the twenty-five percent cap set forth in Section 406(b) applies only to fees for representation before a federal court and not to aggregate fees awarded for representation before both a federal court and the SSA.  See Culbertson v. Berryhill, 586 U.S. 53, 59 (2019); see also Ricardo A. v. Saul, No. 3:19-cv-00846-AHG, 2021 U.S. Dist. LEXIS 34644, at *7 n.3 (S.D. Cal. Feb. 24, 2021) ("[T]he [twenty-five percent] cap set forth in Section 406(b)(1)(A) applies solely to attorney['s] fees for representation in federal court.").

character of the representation and the results achieved.  Id. at 808; Crawford, 586 F.3d at 1151.

After reviewing the contingent-fee agreement, the court should consider reductions based on the following factors: (1) whether the attorney's performance was substandard, (2) whether the attorney engaged in dilatory conduct, and (3) whether the requested fees are excessively large in relation to the benefits achieved, i.e., whether the attorney would receive a "windfall."  Crawford, 586 F.3d at 1150–52.  With respect to the third factor, the Ninth Circuit has noted that attorneys assume significant risk in accepting Social Security cases, including the risk that no benefits will be awarded or that there will be a long court or administrative delay in resolving the case.  Id. at 1152.

In Social Security cases, attorney's fees are paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment.  Id. at 1147 (citing Gisbrecht, 535 U.S. at 802).  Attorneys in such cases are permitted to seek recovery under both the EAJA and Section 406(b), but the attorney must refund the amount of the smaller fee to the claimant.  See Gisbrecht, 535 U.S. at 796; see also Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1218 (9th Cir. 2012).

### III.    DISCUSSION

The contingency-fee agreement between Plaintiff and Petitioner provides that Petitioner is to receive twenty-five percent of Plaintiff's past-due benefits upon a successful federal appeal.  (See ECF No. 22-2 at 1–2.)  On remand, the Commissioner awarded Plaintiff $119,389.00 in total past-due benefits.  (See ECF No. 22 at 4; see also ECF No. 22-1.)  Petitioner seeks attorney's fees in the amount of $29,847.25.  (ECF No. 22 at 4.)  This figure represents twenty-five percent of the total past-due benefits awarded to Plaintiff.  (Id.)  Accordingly, the attorney's fees sought are within the twenty-five percent statutory ceiling.  See 42 U.S.C. § 406(b)(1)(A).  Therefore, the Court will consider the character of the representation and the results achieved to determine

//

21cv1568-MSB

whether the fee is reasonable.  See Gisbrecht, 535 U.S. at 808; see also Crawford, 586 F.3d at 1151.

As to the first and second factors, the Court finds that no reduction of fees due to substandard performance or dilatory conduct is warranted.  See Crawford, 586 F.3d at 1151.  Petitioner spent a total of 46.8 hours on Plaintiff's case and filed persuasive opening and reply briefs, as well as a pre-briefing settlement proposal.  (ECF No. 22 at 4.)  Petitioner's efforts ultimately resulted in a favorable decision for Plaintiff on remand, including an award of past-due benefits.  (Id.)  Petitioner notes that she has been practicing law for twenty-one years, she is a member of two state bar associations, she was the sole attorney representing Plaintiff before this Court, and she did not delay the case. (Id.)  Petitioner also attached a detailed billing statement which indicates that she expeditiously reviewed the case, conducted legal research, and achieved positive results within a reasonable time frame.  (See ECF No. 22-4.)  Thus, there is no evidence of substandard performance or dilatory conduct.

As to the third factor, the Court finds that the attorney's fees sought are not excessively large in relation to the benefits achieved.  See Crawford, 586 F.3d at 1151–1152.  Petitioner spent a total of 46.8 hours on this case at a rate of approximately $637.00 per hour.  (ECF No. 22-4.)  Petitioner's rate is well within the range that this Court has found to be appropriate.  See, e.g., Roland S. v. Kijakazi, No. 20-cv-01068-AHG, 2023 U.S. Dist. LEXIS 189176, at *9 (S.D. Cal. Oct. 20, 2023) (finding an effective hourly rate of $1,438.35 reasonable); Watkins v. O'Malley, No. 21-cv-101-BLM, 2024 U.S. Dist. LEXIS 93524, at *6 (S.D. Cal. May 24, 2024) (finding an effective hourly rate of $1,566.00 reasonable); Reddick v. Berryhill, No. 16-cv-29-BTM-BLM, 2019 U.S. Dist. LEXIS 91736, at *5 (S.D. Cal. May 30, 2019) (finding an effective hourly rate of $1,990.00 reasonable on reconsideration).  Therefore, there is nothing in the record to suggest Petitioner delayed this litigation to amass more in potential fees or otherwise offered substandard performance.

//

In further support of its finding, the Court acknowledges that Petitioner assumed a substantial risk of non-payment by agreeing to be paid on a contingency basis. "[C]ourts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss . . . ." Ayersman v. Berryhill, No. 17-cv-1121-WQH-JMA, 2021 U.S. Dist. LEXIS 1253, at *6 (S.D. Cal. Jan. 4, 2021) (citations omitted); Moreno v. Berryhill, No. CV 13-8492-PLA, 2018 U.S. Dist. LEXIS 121060, at *10 (C.D. Cal. July 19, 2018) (noting that "[c]ounsel assumed the risk of nonpayment inherent in a contingency agreement"). Here, Petitioner assumed a substantial risk of non-payment by agreeing to be paid on a contingency basis, and Petitioner's work ultimately resulted in a highly favorable result for Plaintiff, who raises no opposition. (See generally Dkt.) The Court thus concludes that Petitioner's request for attorney's fees in the amount of $29,847.25 is reasonable.

Critically, while attorneys are permitted to seek fees under both the EAJA and Section 406(b), they must refund the smaller fee to the claimant. Gisbrecht, 535 U.S. at 796. Accordingly, Petitioner must refund to Plaintiff the $9,000.00 in fees previously awarded by this Court under the EAJA. (See ECF No. 21.)

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **AWARDS** attorney's fees to Petitioner in the amount of $29,847.25. The Court **ORDERS** Petitioner to reimburse Plaintiff in the amount of $9,000 for the fees previously awarded by this Court under the EAJA. (See id.)

**IT IS SO ORDERED.**

Dated: January 26, 2026

Honorable Michael S. Berg
United States Magistrate Judge

21cv1568-MSB